# EXHIBIT   A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*#8279P*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PROGRESSIVE CASUALTY INSURANCE COMPANY; CREDIT COLLECTION
SERVICES; DOES 1-10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL LEBOW

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>**Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles CA 90012** | CASE NUMBER:<br>*(Número del Caso):*<br>**21STCV13659** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**Whitney D. Ackerman 284340**          **(818) 426 - 9591**
**17326 Tiara St. Encino CA 91316**   The Law Office of Whitney D. Ackerman

Sherri R. Carter Executive Officer / Clerk of Court

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 04/12/2021 | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* *Progressive Casualty Insurance Company*

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  Whitney D. Ackerman Esq. (SBN 284340)
   THE LAW OFFICE OF WHITNEY D. ACKERMAN
2  17326 Tiara St, Encino CA 91316
   T: (818) 426 - 9591
3  F: (866) 610 - 6540
   Wackerma@gmail.com
4

5  **Attorney for Plaintiff**
   **MICHAEL LEBOW**
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **FOR THE COUNTY OF LOS ANGELES**
8

9
   **MICHAEL LEBOW,**                     )  Case No.  21STCV13659
10                                        )
   Plaintiff,                             )  **COMPLAINT**
11                                        )  **(UNLIMITED)**
12         vs.                            )
                                          )  1. Violation of the Rosenthal Fair Debt
13  **PROGRESSIVE CASUALTY**              )     Collection Practices Act, Cal. Civ. Code
    **INSURANCE COMPANY; CREDIT**         )     § 1788, et seq.;
14  **COLLECTION SERVICES; DOES 1-10**    )  2. Violation of the California Identity Theft
    **INCLUSIVE;**                        )     Law, Civ Code § 1798.92. et seq.;
15                                        )
16  Defendant.                            )
                                          )  **JURY REQUESTED**
17                                        )
18                                        )
19                                        )
20                                        )
                                          )
21  ─────────────────────────────────────

22                          **I. INTRODUCTION**

23  1.       Plaintiff, MICHAEL LEBOW ("Plaintiff"), is a natural person, Doctor, and a

    senior residing in Los Angeles County in the state of California, who has been the victim of
24
    identity theft pursuant to The California Identity Theft Law, Civ Code § 1798.92, "Victim of
25
    identity theft" means a person who had his or her personal identifying information used
26
    without authorization by another to obtain credit, goods, services, money, or property, and
27

28

1  did not use or possess the credit, goods, services, money, or property obtained by the identity

2  theft, and filed a police report in this regard pursuant to Section 530.5 of the Penal Code.

3  2.        Plaintiff is a "debtor" and a "consumer" as the terms are defined by the

4  RFDCPA, Cal. Civ. Code §1788.2(h) and the FDCPA, 15 U.S.C. § 1692a(3), respectively.

5  3.        At all relevant times herein, Defendant PROGRESSIVE CASUALTY

6  INSURANCE COMPANY ("PROGRESSIVE") and CREDIT COLLECTION SERVICES

7  ("CCS"), was a company engaged in the use of the mails and telephones, as well as through

8  other means, in the business of collecting on debts which qualifies as "consumer debt" and

9  "debt" as the terms are defined under Section 1788.2(f) of the RFDCPA and Section

10  1692a(5) of the FDCPA, respectively, on behalf of themselves, and is therefore a "debt

11  collector" as the term is defined under Section 1788.2(c) of the RFDCPA and Section

12  1692a(6) of the FDCPA.

13  4.        The above-named Defendant, and its subsidiaries and agents, are collectively

14  referred to as "Defendants." The true names and capacities of the Defendants sued herein as

15  DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

16  therefore sues such Defendants by fictitious names. Each of the Defendants designated herein

17  as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave

18  of Court to amend the Complaint to reflect the true names and capacities of the DOE

19  Defendants when such identities become known.

20  5.        Plaintiff is informed and believes that at all relevant times, each and every

21  Defendant was acting as an agent and/or employee of each of the other Defendants and was

22  acting within the course and scope of said agency and/or employment with the full

23  knowledge and consent of each of the other Defendants. Plaintiff is informed and believes

24  that each of the acts and/or omissions complained of herein was made known to, and ratified

25  by, each of the other Defendants.

26                          **II. FACTUAL ALLEGATIONS**

27

28

6.      In March of 2020, rior to the filing of the instant Complaint and within one year thereof, PROGRESSIVE took money in the amount of $151.29 from Plaintiff's bank account when it had no authorization to do so

7.      Worse Defendant sent Plaintiff to a third party debt collection agency to Defendant CCS for a debt that never belonged to Plaintiff, as Plaintiff never had an account with Defendant at any time.

**8.      Plaintiff is not a customer of Defendant PROGRESSIVE, nor has he ever been a customer.**

9.      By attempting to collect and taking money from Plaintiff, Defendant PROGRESSIVE violated the RFDCPA for attempted to collect on a debt not authorized by an original agreement or permitted by law.

10.     Further, Defendant PROGRESSIVE sent Plaintiff's alleged debt to Defendant CCS where on February 28, 2021 Defendant CCS attempted to collect on a debt for Defendant PROGRESIVE.

11.     Defendant CCS was attempting to collect on a debt not authorized by an original agreement or permitted by law in violation of the FDCPA.  (see 15 U.S.C. § 1692 f(1).

12.     Plaintiff filed a police report with the El Segundo, CA Police Department regarding the theft of his identity theft (report #20-0002652).

13.     Plaintiff's counsel has also sent a letter of representation to both Defendants, which they ignored.

14.     Given the lopsided balance of bargaining power between consumers such as Plaintiff and powerful and financially robust original creditors such as Defendant and their debt collection agency, Defendant knew or should have known that its conduct as herein described was reasonably calculated and likely to result in Plaintiff paying the debt without regard to whether he actually owed it or to its validity.

15.     RFDCPA, Cal. Civ. Code § 1788.17 mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b through 1692j of the FDCPA, inclusive of, and shall be subject to the remedies of Section

1   1692k of Title 15 of the United States Code statutory regulations contained within the

2   FDCPA, 15 U.S.C. §§ 1692d & 1692d(5).

3   16.      Defendants PROGRESSIVE and CCS conduct violated the FDCPA and the

4   RFDCPA, including, but without limitation, the following:

5   a.      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

6            (15 U.S.C. § 1692 f)

7   b.      Attempt to collect any amount not authorized by the agreement creating the debt or

8            permitted by law. (15 U.S.C. § 1692 f(1)

9

10  17.      At all times pertinent hereto, Defendant was acting by and through its agents,

11  servants, and/or employees who were acting within the course and scope of their agency or

12  employment, and under the direct supervision and control of Defendant herein.

13  18.      At all times pertinent hereto, the conduct of Defendant, as well as that of its

14  agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in

15  grossly negligent disregard for Federal and State Laws and the rights of Plaintiff herein.

16  19.      Plaintiff reaped no benefit whatsoever from Defendants' conduct and received

17  nothing from Defendant.

18  20.      As a result of Defendant's conduct as described herein, Plaintiff has suffered

19  economic and emotional harm, and Plaintiff here and now seeks recompense from

20  Defendants for violations of the RFDCPA, and The California Identity Theft Law. Plaintiff

21  seeks to enjoin Defendant's conduct as well as any and all remedies available at law and any

22  and all other remedies that the Court deems due, proper, and owing.

23  **COUNT I: VIOLATION OF**
    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
24  **Cal. Civ. Code § 1788, *Et Seq.***

25  (by Plaintiff against Defendant Progressive and Each of Them)

26

27  21.      Plaintiff re-alleges and incorporates by reference each and every allegation in the previous

28  paragraphs of this Complaint as if they were fully set forth herein.

4

22.     To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully and with malice and oppression as they were performed after notice and demand for verification and validation as well as cease and decist communications.

23.     If the actions were not done willfully and intentionally and with malice and oppression, then they feel below the standard of care established by the code and case law, such that the duty owed to Plaintiff was breached, and Plaintiff was damages as a result.

24.     Defendant was the actual and proximate cause of the damages, as well as the substantial factor in the damages.

25.     Defendant is therefore liable to Plaintiff for its violations of the RFDCPA, costs and attorney fees.

26.     Plaintiff is a senior citizen as defined by CCC § 3345 and therefore entitled to treble damages by code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.     Actual damages;
B.     Statutory damages for all violations as well as for willful and negligent violations;
C.     Exemplary and punitive damages as determined by the Court or Finder of Fact;
D.     Treble damages pursuant to Cal. Civ. Code § 3345
E.     Costs and reasonable attorney's fees; and
F.     For such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF CALIFORNIA IDENTITY THEFT
## LAW, CAL. CIV. CODE § 1798.92
## AGAINST PROGRESSIVE AND DOES 1-10, INCLUSIVE
(by Plaintiff against Defendant Progressive and Each of Them)

27.     Plaintiff incorporates all preceding paragraphs as though alleged this cause of action.

28.     In continuing credit report and debt collection activities against Plaintiff after he had reported to them the identity theft situation and after providing them with an affidavit and Police report, Defendant PROGRESSIVE willfully violated the California Identity Theft Law, Civ Code Section 1798.92 et seq.

5

29.        Plaintiff is a senior entitled to Treble damages pursuant to Cal. Civ Code Section 3345.

30.        Plaintiff has suffered actual damages, including general special, special incidental and consequential damages, and is also entitle to attorney's fees and costs under the California Identity Theft Law for $30,000.

31.        In addition, Plaintiff alleges that Defendant PROGRESSIVE and DOES 1-10 Inclusive, specifically violated Civ Code section 1798.93 (c)(6), thereby entitling him to a $30,000 penalty, in addition to any other damages which may be assessed.

32.        In addition, Defendant CCS, after notice of same, and actual notice to the alleged original creditor, continued to improperly report to Plaintiff's credit and attempt to collect on the debt in the face of §1798.93 and the CA CCRA.

33.        As a result of the acts and omissions of CCS, Plaintiff suffered actual damages under 17983.93 et seq. entitling him to $30,000 against this Defendant separately from PROGRESSIVE.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.        Actual damages against PROGRESSIVE; Civ. Code § 1798.93 (c) (6), thereby entitling him to a $31,000.00 statutory award.
B.        Actual damages against CCS; Civ. Code § 1798.93 (c) (6), thereby entitling him to a $30,000.00 statutory award.
C.        Statutory damages for all violations as well as for willful and negligent violations.
D.        Exemplary and punitive damages as determined by the Court or Finder of Fact;
E.        Treble damages pursuant to Cal. Civ. Code § 3345 against PROGRESSIVE for $93,000
F.        Treble damages pursuant to Cal. Civ. Code § 3345 against CCS for $90,000
G.        Reasonable attorney's fees;
H.        For such other and further relief as may be just and proper.

## III. JURY

34.        Plaintiff reserves her right under Section 16 of Article 1 of the Constitution of the State of California to a trial by jury and hereby demands a trial by jury on all issues so triable.

1

2  Date: April 8, 2021                     By:    /S/ Whitney D. Ackerman

3                                                 Whitney D. Ackerman, Esq.

4                                                 Law Offices of Whitney D. Ackerman

5                                                 Attorney for Plaintiff, MICHAEL LEBOW

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*   *FOR COURT USE ONLY*

**Whitney D. Ackerman - 313365**
THE LAW OFFICE OF WHITNEY D. ACKERMAN
17326 Tiara St. Encino CA 91316

TELEPHONE NO.: (818) 426 - 9591   FAX NO. *(Optional):* 866-610-6540
ATTORNEY FOR *(Name):* Michael Lebow

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: MICHAEL LEBOW V. Michael Lebow v. PROGRESSIVE CASUALTY
INSURANCE COMPANY; CREDIT COLLECTION SERVICES; DOES 1-10

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) — ☐ Limited (Amount demanded is $25,000) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV13659<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☑ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 12, 2021

Whitney D. Ackerman Esq.
(TYPE OR PRINT NAME)

*Whitney D. Ackerman*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Michael Lebow v. PROGRESSIVE CASUALTY INSURANCE COMPANY; CREDIT COLLECTION SERVICES, DOES 1-10 INCLUSIVE | |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B.<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7.  □ 8. □  9. □ 10. □ 11. | ADDRESS:<br>511 Arena St El Segundo, CA 90245 |
|---|---|

| CITY:<br>El Segundo | STATE:<br>CA | ZIP CODE:<br>90245 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ **Central** _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____ 4.12.21 _____

*Whitney D. Ackerman*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

2019-GEN-014-00

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Elizabeth Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) "Bookmark" A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) "Efiling Portal" The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) "Electronic Envelope" A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) "Electronic Filing" Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) "Electronic Filing Service Provider" An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) "Electronic Signature" For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) "Hyperlink" An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) "Portable Document Format" A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

    d)  **Documents in Related Cases**

        Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

    a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

    a)  The following documents shall not be filed electronically:

        i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii)  Bonds/Undertaking documents;

        iii)  Trial and Evidentiary Hearing Exhibits

        iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b)  Lodgments

        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)  Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits **of a social** security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i) Any printed document required pursuant to a Standing or General Order;

    ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii) Pleadings and motions that include points and authorities;

    iv) Demurrers;

    v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi) Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1)  **SIGNATURES ON ELECTRONIC FILING**

    For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

    This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**

Consumer Attorneys
Association of Los Angeles



**Southern California
Defense Counsel**

Association of
Business Trial Lawyers



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

|  |  |  |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department.

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____      ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date:

_____      ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ _____
        (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date:

_____      ➤ (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

Date:

_____      ➤ (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

_____      ➤ (ATTORNEY FOR _____ )
        (TYPE OR PRINT NAME)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

PLAINTIFF:

DEFENDANT:

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

    ▶ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

    ▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

    ▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

    ▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

    ▶ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

    ▶ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

    ▶ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (Insert date 10 calendar days following filing of the Request)

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference,** _underline_ **describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference,** _briefly_ **describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

Date: _____    ⮞ _____
           (TYPE OR PRINT NAME)              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____            _____
                                                  JUDICIAL OFFICER



# Superior Court of California, County of Los Angeles

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> ### THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.
>
> ### CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by videoconference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm